**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JEFF BATTLES, LEROME THOMAS,** | ) | |
| **STEVEN SPENCER, Individually, and on** | ) | |
| **Behalf of All Others Similarly Situated,** | ) | |
| | ) | **Case No. 18-cv-04822** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Jury Trial Demanded** |
| **SOUTHWEST AIRLINES CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Representative Plaintiffs Jeff Battles, Lerome Thomas, and Steven Spencer, individually and on behalf of all others similarly situated employees, through their counsel, bring claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), and as a Class Action pursuant to the Federal Rules of Civil Procedure, Rule 23 and in accordance with the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§ 105/1, *et seq.*, against Defendant Southwest Airlines Co. ("Southwest" or "Defendant"), its subsidiaries and affiliates, and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

### NATURE OF THE ACTION

1.      This action arises out of Defendant's systematic, company-wide policy of failing to pay overtime compensation to its ramp supervisors for all time worked over 40 hours per week, in violation of the FLSA and IMWL.

2.     During the relevant statutory period, Defendant has maintained a corporate policy and practice of requiring ramp supervisors to work before the start of their scheduled shifts each day but failing to compensate them for this time worked.

3.     During the relevant statutory period, Defendant maintained a corporate policy and practice of requiring ramp supervisors to work through their meal breaks despite Defendant automatically deducting 30-minute unpaid meal breaks every shift.

4.     Accordingly, Defendant is liable for its failure to pay Plaintiffs and other similarly-situated employees for time worked in excess of 40 hours in given workweeks.

## JURISDICTION AND VENUE

5.     This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that a suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."  The Representative Plaintiffs have signed opt-in consent forms to join this lawsuit. Ex. A.

6.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

9.     Representative Plaintiff Jeff Battles is a resident of Illinois who has worked, and currently works, for Defendant as a non-exempt ramp supervisor during the applicable statute of

limitations period and was not compensated for time spent working before his regularly scheduled shifts and during meal breaks.

10. At all relevant times, Jeff Battles was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. §203(e)(1) and IMWL, 820 ILCS § 105/3(d).

11. Representative Plaintiff Lerome Thomas is a resident of Illinois who has worked, and currently works, for Defendant as a non-exempt ramp supervisor during the applicable statute of limitations period and was not compensated for time spent working before his regularly scheduled shifts and during meal breaks.

12. At all relevant times, Lerome Thomas was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL, 820 ILCS § 105/3(d).

13. Representative Plaintiff Steven Spencer is a resident of Illinois who has worked, and currently works, for Defendant as a non-exempt ramp supervisor during the applicable statute of limitations period and was not compensated for time spent working before his regularly scheduled shifts and during meal breaks.

14. At all relevant times, Steven Spencer was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL, 820 ILCS § 105/3(d).

15. At all relevant times, Defendant Southwest Airlines, Co. ("Southwest") has been a corporation organized under Texas law and doing business throughout this District.

16. At all relevant times, Southwest has been an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 115/2.

**FACTUAL BACKGROUND**

17. Plaintiffs, like those they seek to represent, are individuals who work or have worked for Defendant as ramp supervisors, or any other similarly-titled position during the

statutory period. Plaintiffs and putative class members all shared similar job titles, training, job descriptions, job requirements, and compensation plans, among other things.

18.     Defendant managed Plaintiffs' and putative class members' work, including the number of hours they worked. Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

19.     Plaintiffs and others similarly situated were classified by Defendant as non-exempt under the FLSA and Illinois wage laws and paid an hourly rate.

20.     Defendant encouraged, suffered, or permitted Plaintiffs and putative class members to perform work before the start of their scheduled shift and during meal breaks, but did not pay them for such time worked. Specifically, Defendant required Plaintiffs and other ramp supervisors to arrive to work before the start of their scheduled shifts so they can login to Defendant's computer network, review and respond to emails; determine the number of flights for the day via OTIS (employee database); ensure there is proper coverage for all scheduled flights for the day; and performing other work.  Although much of the above work was performed on the clock, Defendant failed to compensate Plaintiffs and putative class members for this time worked before the start of their scheduled shifts.

21.     Defendant failed to pay Plaintiffs and those similarly situated for all overtime hours actually worked at a rate of 1.5 times their regular rate of pay.

22.     Defendant improperly failed to pay Plaintiffs and putative class members all compensation rightfully due, including but not limited to, overtime pay and time spent working before the start of their scheduled shifts and during unpaid meal breaks.

23.     Defendant knew and was aware at all times of the above-mentioned violations.

24.     The conduct alleged above reduced Defendant's labor and payroll costs.

4

25.     Plaintiffs and others similarly situated were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of wages and overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiffs and putative class members in accordance with the requirements of state and federal wage and hour laws, Plaintiffs and class members suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATONS

26.     Plaintiffs bring claims on their own behalf and as representatives of all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

27.     Plaintiffs bring this action under the FLSA on behalf of the following collective class of similarly situated employees:

> All individuals who were employed or are currently employed by the Defendant as ramp supervisors, or any other similarly-titled position, at any time during the three (3) years prior to the date of the commencement of this action through the date of judgment in this action, and who were not properly compensated for time worked in excess of 40 hours in given workweeks (the "FLSA Class").

28.     This action is properly maintained as a collective action because the Representative Plaintiffs are similarly situated to the members of the collective class with respect to job title, job description, training requirements, and job duties, and are all subject to a common practice, policy, or plan in which Defendant suffered and permitted them to perform work for the benefit of Defendant in excess of 40 hours in given workweeks without compensation at time-and-a-half.

29.     Defendant knew or should have known that the Representative Plaintiffs and the collective class performed work that required additional wages and overtime compensation to be

paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive the Representative Plaintiffs and the collective class of wages and overtime compensation.

30. Defendant's conduct was willful.

31. There are hundreds of similarly situated current and former ramp supervisors who Defendant failed to properly compensate in violation of the FLSA and who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

32. The precise number of FLSA class members can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the FLSA class may be informed of the pendency of this action directly via U.S. Mail, email, and otherwise.

## IMWL CLASS ACTION ALLEGATIONS

33. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Representative Plaintiffs Jeff Battles, Lerome Thomas, and Steven Spencer bring claims on their own behalf and as representatives of all other similarly situated individuals pursuant to the IMWL, 820 ILCS 105/1, *et seq.*, to recover unpaid wages, unpaid overtime compensation, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

34. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate of pay for all hours worked over 40 per week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of 2% per month compounding interest on the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

35. Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of similarly situated employees under the IMWL:

> All individuals who were employed or are currently employed by the Defendant as ramp supervisors, or any other similarly titled position, in the state of Illinois at any time during the three (3) years prior to the date of the commencement of this action through the date of judgment in this action, and who were not properly paid for time worked in excess of 40 hours in given workweeks (the "IMWL Class").

36. This action is properly maintainable as a class action under Rules 23(a) and (b) because:

    a. The class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact that are common to the class;

    c. The claims or defenses of the Representative Plaintiffs are typical of the claims or defenses of the class; and,

    d. The Representative Plaintiffs will fairly and adequately protect the interests of the class.

## Numerosity

37. The total number of putative class members is well in excess of 50 individuals. The exact number of class members may be determined from Defendant's payroll and personnel records.

## Commonality

38. There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the IMWL Class in that Plaintiffs and all members of the class have been harmed by Defendant's failure to compensate current and former ramp supervisors for all time worked in excess of 40 hours in given workweeks. The common questions of law and fact include but are not limited to the following:

    a. Whether Defendant encouraged, suffered, or permitted Plaintiffs to work before their scheduled shifts without pay;

b.      Whether Defendant encouraged, suffered, or permitted Plaintiffs to work during their unpaid meal breaks;

c.      Whether Defendant failed to compensate class members for all the work they encouraged, suffered, or permitted class members to perform;

d.      Whether Defendant failed to keep true and accurate time records for all hours worked by the class members; and

e.      Whether Plaintiffs suffered damages and the proper measure of those damages.

39.      Plaintiffs anticipate that Defendant will raise defenses that are common to the class.

## Adequacy

40.      The Representative Plaintiffs will fairly and adequately protect the interests of the class, and there are no known conflicts of interest between Plaintiffs and class members. They have retained experienced counsel that are competent in the prosecution of complex litigation and who have experience acting as class counsel specifically in wage and hour litigation.

## Typicality

41.      The claims asserted by the Representative Plaintiffs are typical of the class members they seek to represent. The Representative Plaintiffs have the same interests and have suffered from the same unlawful practices as the class members.

42.      Upon information and belief, there are no other IMWL class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

## Predominance and Superiority

43.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

44.     On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and vary adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
#### (Unpaid Overtime wages)

45.     Plaintiffs incorporate by reference all preceding paragraphs.

46. Plaintiffs and the collective group members are "employees" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1), and are not exempt from the FLSA's protections for any reason.

47. The Representative Plaintiffs and other ramp supervisors or agents are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

48. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

49. Defendant willfully engaged in a widespread pattern and practice of violating the FLSA by failing to compensate Plaintiffs and similarly situated employees for all time worked prior their regularly scheduled shifts and for work performed during unpaid meal breaks, thereby failing and refusing to pay them the overtime wage compensation required by law and in accordance with Sections 206 and 207 of the FLSA.

50. While Plaintiffs and the collective group members were clocked in while performing required pre-shift work, such as logging into Defendant's computer network, reviewing and responding to emails, determining the number of flights for the day via OTIS (employee database), ensuring there is proper coverage for all scheduled flights for the day, and other work, Defendant failed to compensate them for any time worked before the start of their scheduled shift in violation of the FLSA, 29 U.S.C. § 211(c).

51. Defendant also engaged in a widespread pattern and practice of violating the FLSA by failing to compensate Plaintiffs and similarly situated employees for all time worked during unpaid meal breaks.

52. Defendant maintains a written policy promising Plaintiffs and the collective group members one 30-minute unpaid meal break per shift. Having made this promise, Defendant was obligated to ensure either that Plaintiffs and the collective group members were completely relieved from all work-related duties during their unpaid meal break, or that Plaintiffs and the collective group members accurately tracked and recorded their interrupted meal breaks and received all overtime wages due for each interrupted break.

53. Defendant requires Plaintiffs and the collective group members to prioritize their work-related responsibilities over their entitlement to an uninterrupted meal break.

54. Defendant does not maintain adequate staffing levels or provide dedicated relief workers to ensure Plaintiffs and the collective group members are completely relieved from work-related duties, such as taking calls on the radio from the communication center, during their entire unpaid meal break.

55. Defendant does not maintain any policy or procedure requiring Plaintiffs and the collective group members to track or report their interrupted meal breaks or allowing them to request wages for an interrupted meal break.

56. As a result of Defendant's violations of the FLSA, Plaintiffs and the FLSA class have suffered and will continue to suffer a loss of income and other damages.

57. Defendant did not make a good faith effort to comply with the FLSA with respect to the compensation of their ramp supervisors.

58. As a result of Defendant's unlawful acts, it is liable to Plaintiffs and the FLSA class for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

59.     Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

## COUNT II
## VIOLATION OF ILLINOIS MINIMUM WAGE LAW
### (Unpaid Overtime wages)

65.     Plaintiffs incorporate by reference all preceding paragraphs.

66.     Plaintiffs Jeff Battles, Lerome Thomas, and Steven Spencer are members of a class that meet the requirements for certification and maintenance of a class action pursuant to Rule 23.

67.     The IMWL, 820 ILCS §§ 105/1, *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate of pay for all hours worked over 40 per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this Act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of 2% per month compounding interest on the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

68.     Defendant engaged in a widespread pattern and practice of violating the IMWL by failing to compensate Plaintiffs and similarly situated employees for all time worked before their regularly scheduled shifts and during unpaid meal breaks, thereby failing and refusing to pay them the overtime wage compensation as required by law and in accordance with Section 105/4(a) of the IMWL.

69.     Plaintiffs and members of the IMWL class are not subject to any exemption.

70.     While Plaintiffs and the collective group members were clocked in while performing required pre-shift activities, such as logging into Defendant's computer network, reviewing and responding to emails, determining the number of flights for the day via OTIS

(employee database), ensuring there is proper coverage for all scheduled flights for the day, and other work, Defendant failed to compensate them for any time worked before the start of their scheduled shift in violation of the IMWL, 820 ILCS 105/8.

71.     Defendant also engaged in a widespread pattern and practice of violating the IMWL by failing to compensate Plaintiffs and similarly situated employees for all time worked during unpaid meal breaks.

72.     Defendant maintains a written policy promising Plaintiffs and the collective group members one 30-minute unpaid meal break per shift.  Having made this promise, Defendant was obligated to ensure either that Plaintiffs and the collective group members were completely relieved from all work-related duties during their unpaid meal break, or that Plaintiffs and the collective group members accurately tracked and recorded their interrupted meal breaks and received all overtime wages due for each interrupted break.

73.     Defendant requires Plaintiffs and the collective group members to prioritize their work-related responsibilities over their entitlement to an uninterrupted meal break.

74.     Defendant does not maintain adequate staffing levels or provide dedicated relief workers to ensure Plaintiffs and the collective group members are completely relieved from work-related duties, such as taking calls on the radio from the communication center, during their entire unpaid meal break.

75.     Defendant does not maintain any policy or procedure requiring Plaintiffs and the collective group members to track or report their interrupted meal breaks or allowing them to request wages for an interrupted meal break

76.     As a result of Defendant's violations of the IMWL, Plaintiffs and the IMWL class have suffered and will continue to suffer a loss of income and other damages.

77.     As a result of Defendant's unlawful acts, it is liable to Plaintiffs and other IMWL class members for actual damages, liquidated damages, and equitable relief, as well as reasonable attorneys' fees, costs, and expenses.

78.     Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing its violation of the IMWL, and other appropriate class-wide injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, the Representative Plaintiffs Jeff Battles, Lerome Thomas, and Steven Spencer, individually and on behalf of all others similarly situated, through their attorneys, demand judgment against the Defendant and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of their damages, the costs of this action, and as follows:

A.     Certify a collective action under Count I and designate Plaintiffs as representatives of all those employees similarly situated;

B.     Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, addresses, and e-mail addresses of all ramp supervisors, ramp agents, or any other similarly titled position who have worked for the Defendant within the last three years;

C.     Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all ramp supervisors, ramp agents, or any other similarly titled position who have worked for the Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D.     Certify a class for Count II;

E.     Appoint Stephan Zouras, LLP as counsel for the Plaintiffs under Rule 23(g);

F.     Declare and find that the Defendant committed one or more of the following acts:

   i.     Violated provisions of the FLSA by failing to pay regular wages, overtime wages and other benefits to Plaintiffs and similarly situated persons who opt-in to this action;

   ii.     Willfully violated provisions of the FLSA; and,

          iii.  Violated the IMWL, by failing to pay overtime wages to Plaintiffs and class members.

G.      Award compensatory damages in the amount of one and one-half times Plaintiffs' and similarly situated persons' regular rate of pay for all time they worked in excess of 40 hours per week under the FLSA;

H.      Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL;

I.      Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

J.      Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and IMWL;

K.      Grant leave to amend to add claims under applicable state and federal laws;

L.      Grant leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

M.      For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.


Dated: July 13, 2018             Respectfully Submitted,


                    */s/ Ryan F. Stephan*
                    Ryan F. Stephan
                    Haley R. Jenkins
                    **STEPHAN ZOURAS, LLP**
                    205 N. Michigan Avenue, Suite 2560
                    Chicago, Illinois 60601
                    312-233-1550
                    312-233-1560 *f*
                    www.stephanzouras.com

                    **ATTORNEYS FOR THE PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

I, the attorney, hereby certify that on July 13, 2018, I filed the attached with the Clerk of

the Court using the electronic filing system which will send such filing to all attorneys of record.


_      /s/ Ryan F. Stephan_