UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFF BATTLES, LEROME THOMAS, and STEVEN SPENCER, Individually, and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>      Defendant. | No. 1:18-cv-04822<br>Judge Marvin E. Aspen |

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge

This lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS §§ 105/1, *et seq.* ("IMWL"). We previously dismissed the case in favor of arbitration. (Dkt. No. 30.) The parties arbitrated their dispute before the American Arbitration Association ("AAA") pursuant to an arbitration agreement and, on September 22, 2020, Plaintiff prevailed. (Petition ¶¶ 6—7.) Presently before us is Plaintiff Lerome Thomas's opposed Petition to Confirm the Arbitration Award. (Petition (Dkt. No. 32).) For the following reasons, we deny Plaintiff's petition. Additionally, Docket Numbers 32-3 an 32-4 are hereby sealed.

**STANDARD OF LAW**

Judicial review of an arbitration award is "extremely limited." *Kingsbury Capital, Inc. v. Kappel*, No. 20 C 800, 2020 WL 5512136, at *2 (N.D. Ill. Sept. 14, 2020) (quoting *Am. Fed'n of State, Cty. and Mun. Emps., AFL-CIO v. Dep't of Cent. Mgmt. Servs.*, 173 Ill. 2d 299, 304 (1996)).

A party may move to vacate, modify, or correct an arbitration award within three months of the award's issuance. 9 U.S.C. § 12. When an arbitration agreement provides that a judgment of the court shall be entered upon the award following arbitration, then any party to the arbitration may seek an order within one-year after the award is made. 9 U.S.C. § 9.

## ANALYSIS

First, Defendant contends that it is premature to confirm the arbitration award because its three-month time period to move to vacate, modify, or correct the arbitration award runs from September 22, 2020 to December 21, 2020. *See* 9 U.S.C. § 12. Indeed, arbitration awards are appropriately confirmed after the three-month statutory window to challenge them has expired. 9 U.S.C. § 9 ("the court must grant [a petition to confirm an arbitration award] unless the award is vacated, modified, or corrected."); 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."); *see, e.g.*, *Loda Okla, LLC v. Overall*, No. 13-cv-191, 2014 WL 12704716, at *3 (N.D. Okla. Oct. 9, 2014) (staying motion to confirm arbitration award because a motion to vacate was anticipated). Therefore, we find that Plaintiff's Petition premature since Defendant has until December 21, 2020 to either make payment or file a motion to vacate, modify, or correct the award. Plaintiff's Petition is denied as premature.

Second, Defendant requests that we seal the Interim Award and the Final Award pursuant to the agreement to arbitrate confidentially. (Dkt. Nos. 32-3 and 32-4.) Plaintiff claims however that Defendant waived confidentiality of the award because its conduct led Plaintiff to file this instant Petition as was required by law. "Required by law," according to Plaintiff, is an exception to the arbitration's confidentiality provision. (Dkt. No. 32-1 at 8.) We seal these filings for two reasons. First, Plaintiff's motion was not "required by law" because it was legally

premature as discussed above. Second, even if Plaintiff's motion was proper and not premature, Plaintiff should have filed the Petition confidentially under seal to maintain the confidential nature of this information. Accordingly, Defendant's request for Docket Numbers 32-3 and 32-4 to be sealed is granted.

## CONCLUSION

For the above stated reasons, Plaintiff's Petition to Confirm Arbitration Award is denied (Dkt. No. 32.) Additionally, Docket Numbers 32-3 an 32-4 are hereby sealed. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: November 18, 2020
Chicago, Illinois